1    UNITED STATES DISTRICT COURT
        DISTRICT OF SOUTH CAROLINA
2            GREENVILLE DIVISION

3    ---------------------------------

4    UNITED STATES OF AMERICA            CR NO.: 6:15-368
                                         Anderson, SC
5        -vs-                            September 14, 2015

6    WILLIAM TORE TINT,

7            Defendant

8    ---------------------------------

9
                    BEFORE HON. TIMOTHY M. CAIN
10           UNITED STATES DISTRICT COURT JUDGE
                    CHANGE OF PLEA HEARING
11

12   APPEARANCES:

13

     FOR GOVERNMENT:       HON. WILLIAM N. NETTLES
14                         UNITED STATES ATTORNEY
                           BY:  MAXWELL B. CAUTHEN, III
15                         Assistant United States Attorney
                           55 Beattie Place
16                         Greenville, SC  29601

17   FOR DEFENDANT:        HON. PARKS N. SMALL
                           FEDERAL PUBLIC DEFENDER
18                         BY:  DAVID W. PLOWDEN
                           Assistant Federal Public Defender
19                         75 Beattie Place, Suite 950
                           Greenville, SC  29601
20

21   COURT REPORTER:       DANIEL E. MAYO, RDR
                           Certified Realtime Reporter
22                         901 Richland Street
                           Columbia, SC  29201
23

24          STENOTYPE/COMPUTER-AIDED TRANSCRIPTION

25

1    THE COURT:  Okay.  We're back on the record.  And I

2  just want to make sure I'm clear on the lineup today.  First

3  we have Mr. Alley who's represented by Miss Metcalfe.  Then we

4  have Miss Davis-Goss who's represented by Mr. Hisker.

5    MR. HISKER:  Yes, your Honor.

6    THE COURT:  We have Mr. Reid who's represented by Mr.

7  Ehlies.

8    MR. EHLIES:  Correct.

9    THE COURT:  We have Mr. Fuller who is represented by

10  Mr. Stepp.

11    MR. STEPP:  Yes, sir.

12    THE COURT:  We have Mr. Hawthorne who's

13  represented --

14    MR. CAUTHEN:  Mr. Hawthorne was continued.

15    THE COURT:  I'm looking at the wrong list.  Let me

16  get the right list.  Okay.  Thank you.  After Mr. Fuller we

17  have Mr. Reed who's represented by Miss Blanchard.  Mr. Tint

18  is represented by Mr. Plowden.  Mr. Escorza-Escorza is

19  represented by Mr. Plowden.  And Mr. Lewis is represented by

20  Mr. MacKinnon.  Okay.

21    Let me first ask the clerk to place all of the

22  defendants under oath.

23              (Defendants duly sworn)

24    THE COURT:  Okay.  Let the record reflect all

25  defendants have been sworn.  I'm going to be asking you some

1    questions about your decision to plead guilty today, and when

2    you answer I need for you to answer one at a time.  And we

3    will start with Mr. Alley to my left and go to my right and

4    finish with Mr. Lewis.  It's very important that you speak up

5    so that we can hear you and so the court reporter can make a

6    record of what is said.  Unfortunately, I do not have a

7    microphone to give to each of you so you have to speak up

8    loudly and clearly so that we can all hear you.

9         In addition, I need for you to make sure that the

10   person in front of you has completed his or her answer before

11   you start in with your answer, because when two people talk at

12   the same time I cannot hear what either one of them is saying

13   and the court reporter cannot make a proper record.  So make

14   sure the person in front of you has completed the answer

15   before you answer.

16        And when you answer make sure that you are listening

17   to the question and you're answering truthfully based on your

18   situation and not based on some answer that a person who

19   answered before you has given.

20        Now, Mr. Lewis, you are on the end so you will have

21   to make a special effort to be patient and wait until Mr.

22   Escorza-Escorza has completed his answer because he's

23   utilizing the services of an interpreter.

24        DEFENDANT:  Yes, sir.

25        THE COURT:  And so that causes a little bit of a

1    delay.  So just make sure he's finished, if you will --

2              DEFENDANT:  Yes, sir.

3              THE COURT:  -- before we start this.  Thank you for

4    that.

5              Now, the attorneys have informed us that you all

6    consent to go forward together with your plea agreements.

7    There are two ways to do it.  One way to do it is with you all

8    lined up and me asking you questions individually, applicable

9    to your case, some of the same questions I will be asking

10   other folks.  The other way to do it is to just take one

11   person at a time and everybody sits here and when your case is

12   called you come up and I take your plea and then go on to the

13   next one.  It matters not to me which way we do it because I

14   have to be here all day anyway, and I want to be here all day

15   anyway.  But I just want to go through and ask each person if

16   you consent to proceed with the guilty plea in this fashion

17   with the lineup that we have.  Do you consent to do this?

18             DEFENDANT:  Yes, sir.

19             DEFENDANT:  Yes, sir.

20             DEFENDANT:  Yes, sir.

21             DEFENDANT:  Yes sir.

22             THE COURT:  Yes, sir.

23             DEFENDANT:  Yes, sir.

24             DEFENDANT:  Yes, sir.

25             DEFENDANT:  Yes, sir.

1          THE COURT:  Thank you.  Now let me ask the attorneys

2     a few questions.  Let me go back to the defendants.  You

3     previously entered a plea of not guilty.  Your attorneys tell

4     me and the government tells me that you each wish to change

5     your plea of not guilty to a plea of guilty today.  Is that

6     correct?

7          DEFENDANT:  Yes, sir.

8          DEFENDANT:  Yes, sir.

9          DEFENDANT:  Yes, sir.

10          DEFENDANT:  Yes, sir.

11          DEFENDANT:  Yes, sir.

12          DEFENDANT:  Yes, sir.

13          DEFENDANT:  Yes, sir.

14          DEFENDANT:  Yes, sir.

15          THE COURT:  Thank you.  Now I want to ask the

16     attorneys a few questions.  To each of the attorneys, have you

17     had sufficient time to confer with your client to discuss

18     these matters?

19          MS. METCALFE:  Yes, your Honor.

20          MR. HISKER:  Yes.

21          MR. EHLIES:  Yes, sir.

22          MR. STEPP:  Yes, sir.

23          MS. BLANCHARD:  Yes, your Honor.

24          MR. PLOWDEN:  Yes, sir, as to both.

25          MR. MacKINNON:  Yes, sir.

1          THE COURT:  Have you advised your client of his or

2     her constitutional rights and explained the court process?

3          MS. METCALFE:  Yes, your Honor.

4          MR. HISKER:  Yes.

5          MR. EHLIES:  Yes.

6          MR. STEPP:  I have.

7          MS. BLANCHARD:  Yes, your Honor.

8          MR. PLOWDEN:  Yes, your Honor, as to both.

9          MR. MacKINNON:  Yes, sir.

10          THE COURT:  Do you feel that your client understands

11     what your client is doing today?

12          MS. METCALFE:  I do.

13          MR. HISKER:  Yes.

14          MR. EHLIES:  Yes.

15          MR. STEPP:  Yes, sir.

16          MS. BLANCHARD:  Yes, your Honor.

17          MR. PLOWDEN:  Yes, sir, as to both.

18          MR. MacKINNON:  Yes, sir.

19          THE COURT:  And, Mr. Plowden, with respect to Mr.

20     Escorza-Escorza, have you had sufficient assistance from a

21     qualified interpreter to the extent needed to confer with your

22     client and prepare for today's hearing?

23          MR. PLOWDEN:  I have, your Honor.  I am convinced

24     that he understands and we have answered all his questions.

25          THE COURT:  Thank you.  All right.  To the

defendants, before I can accept your plea of guilty it is
necessary for me to make sure that you are pleading guilty
freely, voluntarily and knowingly.  By pleading guilty you are
giving up certain important rights and possible legal defenses
you have under the law.

I need to ask you some questions.  It is very
important that you listen carefully to my questions and
everything else that is said during this hearing.  If I give
you information which is different from what others, including
your lawyer, has told you you must rely upon what I say.  Do
you understand?

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

THE COURT:  If I ask a question that you do not
understand or use a word that you do not understand you should
tell me so that I can explain these to you.  Otherwise I will
presume that you understand these questions and everything
that is said today.

In addition, during this questioning, if you feel it

```
1   is necessary, you may ask for an opportunity to talk with your
2   lawyer privately and I will allow you to do so.  Do you
3   understand?
4              DEFENDANT:  Yes, sir.
5              DEFENDANT:  Yes, sir.
6              DEFENDANT:  Yes, sir.
7              DEFENDANT:  Yes, sir.
8              DEFENDANT:  Yes, sir.
9              DEFENDANT:  Yes, sir.
10             DEFENDANT:  Yes, sir.
11             DEFENDANT:  Yes, sir.
12             THE COURT:  Do you understand that you are now under
13  oath and that if you answer any of my questions falsely your
14  answers may later be used against you in another proceeding,
15  to include a criminal prosecution for perjury or for making a
16  false statement?  Do you understand?
17             DEFENDANT:  Yes, sir.
18             DEFENDANT:  Yes, sir.
19             DEFENDANT:  Yes, sir.
20             DEFENDANT:  Yes, sir.
21             DEFENDANT:  Yes, sir.
22             DEFENDANT:  Yes, sir.
23             DEFENDANT:  Yes, sir.
24             DEFENDANT:  Yes, sir.
25             THE COURT:  Please state your full name.
```

1            DEFENDANT:  David Howard Alley.

2            DEFENDANT:  Felecia Davis-Goss.

3            THE COURT:  James Columbus Reid, Jr.

4            DEFENDANT:  William Leon Fuller.

5            DEFENDANT:  Terry Lee Reed, Jr.

6            DEFENDANT:  William Tore Tint.

7            DEFENDANT:  Cruz Escorza-Escorza.

8            DEFENDANT:  Cassidy Shane Lewis.

9            THE COURT:  How old are you?

10           DEFENDANT:  I'm 38, your Honor.

11           DEFENDANT:  32.

12           DEFENDANT:  60.

13           DEFENDANT:  58.

14           DEFENDANT:  35, sir.

15           DEFENDANT:  41.

16           DEFENDANT:  35.

17           DEFENDANT:  34.

18           THE COURT:  Where were you born?

19           DEFENDANT:  I was born in Anderson County, your

20   Honor.

21           DEFENDANT:  Stephens County, Georgia.

22           DEFENDANT:  Madison County.

23           DEFENDANT:  Greenwood, South Carolina.

24           DEFENDANT:  Anderson, South Carolina, sir.

25           DEFENDANT:  Staten Island, New York.

1     THE COURT:  Mexico.

2     DEFENDANT:  Greenville.

3     THE COURT:  How far did you go in school?  In other

4  words, what is your educational level?

5     DEFENDANT:  I have my GED, sir.

6     DEFENDANT:  11th.

7     DEFENDANT:  Eighth grade.

8     DEFENDANT:  High school diploma.

9     DEFENDANT:  One year in college.

10    DEFENDANT:  High school diploma.

11    DEFENDANT:  Grade school.

12    DEFENDANT:  High school plus some tech.

13    THE COURT:  I know the answer to this question before

14  I ask it but I'm going to ask it anyway.  And I recognize that

15  Mr. Escorza-Escorza is using an interpreter today.  But are

16  you able to adequately speak, read and write the English

17  language in order to understand what is going on today?

18    DEFENDANT:  Yes, sir.

19    DEFENDANT:  Yes, sir.

20    DEFENDANT:  Yes, sir.

21    DEFENDANT:  Yes, sir.

22    DEFENDANT:  Yes, sir.

23    DEFENDANT:  Yes, sir.

24    DEFENDANT:  No, sir.

25    THE COURT:  Mr. Escorza-Escorza, are you able to

1  understand what is going on through the use of the

2  interpreter?

3          DEFENDANT:  Yes, sir.

4          THE COURT:  And, again, Mr. Lewis, are you able to --

5          DEFENDANT:  Yes, sir.

6          THE COURT:  -- do this?

7          DEFENDANT:  Yes, sir.

8          THE COURT:  Thank you.  Have you used any alcohol or

9  drugs within the last 24 hours?

10          DEFENDANT:  No, sir.

11          DEFENDANT:  No, sir.

12          DEFENDANT:  No, sir.

13          DEFENDANT:  No, sir.

14          DEFENDANT:  No, sir.

15          DEFENDANT:  No, sir.

16          DEFENDANT:  No, sir.

17          DEFENDANT:  No, sir.

18          THE COURT:  Are you -- let me say this, as well.

19  When you answer these next few questions please understand

20  that it's not my intention to offend you.  Please do not be

21  offended by these questions.  I ask every person in your

22  situation the same questions.

23          Are you under the influence of any alcohol, drugs,

24  medication or any other substance or mental or physical

25  condition which would keep you from understanding what you are

1    doing today?

2              DEFENDANT:  No, sir, your Honor.

3              DEFENDANT:  No, sir.

4              DEFENDANT:  No, sir.

5              DEFENDANT:  No, sir.

6              DEFENDANT:  No, sir.

7              DEFENDANT:  No, sir.

8              DEFENDANT:  No, sir.

9              DEFENDANT:  No, sir.

10             THE COURT:  I did not believe that any of you were.

11   Are there any medications that have been prescribed for you by

12   a doctor or health care provider that you are not now taking

13   as directed?

14             DEFENDANT:  No, sir.

15             DEFENDANT:  No, sir.

16             DEFENDANT:  No, sir.

17             DEFENDANT:  No, sir.

18             DEFENDANT:  No, sir.

19             DEFENDANT:  No, sir.

20             DEFENDANT:  No, sir.

21             DEFENDANT:  No, sir.

22             THE COURT:  Have you ever been treated for mental

23   illness or addiction to narcotic drugs?

24             DEFENDANT:  No, sir.

25             DEFENDANT:  No, sir.

1        DEFENDANT:  No, sir.

2        DEFENDANT:  No, sir.

3        DEFENDANT:  No, sir.

4        DEFENDANT:  No, sir.

5        DEFENDANT:  No, sir.

6        DEFENDANT:  No, sir.

7        THE COURT:  Have you recently been treated by a

8   doctor, psychiatrist, psychologist or mental health

9   professional?

10       DEFENDANT:  No, sir.

11       DEFENDANT:  No, sir.

12       DEFENDANT:  No, sir.

13       DEFENDANT:  No, sir.

14       DEFENDANT:  No, sir.

15       DEFENDANT:  No, sir.

16       DEFENDANT:  No, sir.

17       DEFENDANT:  No, sir.

18       THE COURT:  Do you understand what is happening

19   today?

20       DEFENDANT:  Yes, sir.

21       DEFENDANT:  Yes, sir.

22       DEFENDANT:  Yes, sir.

23       DEFENDANT:  Yes, sir.

24       DEFENDANT:  Yes, sir.

25       DEFENDANT:  Yes, sir.

1           DEFENDANT:  Yes, sir.

2           DEFENDANT:  Yes, sir.

3           THE COURT:  Are you satisfied with the services of

4    your attorney?

5           DEFENDANT:  Completely, your Honor.

6           DEFENDANT:  Yes, sir.

7           DEFENDANT:  Very well.

8           DEFENDANT:  Yes, sir.

9           DEFENDANT:  Yes, sir.

10          DEFENDANT:  Yes, sir.

11          DEFENDANT:  Yes, sir.

12          DEFENDANT:  Yes, sir.

13          THE COURT:  Have you had enough time to meet with

14   your lawyer and to discuss your case?

15          DEFENDANT:  Yes, sir.

16          DEFENDANT:  Yes, sir.

17          DEFENDANT:  Yes, sir.

18          DEFENDANT:  Yes, sir.

19          DEFENDANT:  Yes, sir.

20          DEFENDANT:  Yes, sir.

21          DEFENDANT:  Yes, sir.

22          DEFENDANT:  Yes, sir.

23          THE COURT:  Has your attorney advised you of your

24   rights and explained the court process to you?

25          DEFENDANT:  Yes, sir.

1          DEFENDANT:  Yes, sir.

2          DEFENDANT:  Yes, sir.

3          DEFENDANT:  Yes, sir.

4          DEFENDANT:  Yes, sir.

5          DEFENDANT:  Yes, sir.

6          DEFENDANT:  Yes, sir.

7          DEFENDANT:  Yes, sir.

8          THE COURT:  Has your attorney explained the possible

9    consequences that may take place as a result of these

10   proceedings?

11         DEFENDANT:  Yes, sir.

12         DEFENDANT:  Yes, sir.

13         DEFENDANT:  Yes, sir.

14         DEFENDANT:  Yes, sir.

15         DEFENDANT:  Yes, sir.

16         DEFENDANT:  Yes, sir.

17         DEFENDANT:  Yes, sir.

18         DEFENDANT:  Yes, sir.

19         THE COURT:  Have you told your attorney everything

20   that you want to tell your attorney?

21         DEFENDANT:  Yes, sir.

22         DEFENDANT:  Yes, sir.

23         DEFENDANT:  Yes, sir.

24         DEFENDANT:  Yes, sir.

25         DEFENDANT:  Yes, sir.

1          DEFENDANT:  Yes, sir.

2          DEFENDANT:  Yes, sir.

3          DEFENDANT:  Yes, sir.

4          THE COURT:  Has your attorney done everything that

5    you have asked your attorney to do for you?

6          DEFENDANT:  Yes, sir.

7          DEFENDANT:  Yes, sir.

8          DEFENDANT:  Yes, sir.

9          DEFENDANT:  Yes, sir.

10         DEFENDANT:  Yes, sir.

11         DEFENDANT:  Yes, sir.

12         DEFENDANT:  Yes, sir.

13         DEFENDANT:  Yes, sir.

14         THE COURT:  Is there anything that you would like for

15   your attorney to do for you at this time before we proceed any

16   further?

17         DEFENDANT:  No, sir.

18         DEFENDANT:  No, sir.

19         DEFENDANT:  No, sir.

20         DEFENDANT:  No, sir.

21         DEFENDANT:  No, sir.

22         DEFENDANT:  No, sir.

23         DEFENDANT:  No, sir.

24         DEFENDANT:  No, sir.

25         THE COURT:  Do you authorize your attorney to speak

on your behalf today?

DEFENDANT:  I do, your Honor.

DEFENDANT:  Yes.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

DEFENDANT:  Yes, sir.

THE COURT:  Let me ask the attorneys, taking into consideration everything that you know about your client's case, do you agree with your client's decision to plead guilty?

MS. METCALFE:  Yes, your Honor.

MR. HISKER:  Yes.

MR. EHLIES:  I do.

MR. STEPP:  I do.

MS. BLANCHARD:  Yes, your Honor.

MR. PLOWDEN:  Yes, sir, as to both my clients.

MR. MacKINNON:  Yes, sir, your Honor.

THE COURT:  And again to the attorneys, do you have any concerns about your client's competence to make this decision?

MS. METCALFE:  None whatsoever.

MR. HISKER:  No, your Honor.

1    MR. EHLIES:  None.

2    MR. STEPP:  No, sir.

3    MS. BLANCHARD:  No, sir, your Honor.

4    MR. PLOWDEN:  No concerns as to either.

5    MR. MacKINNON:  No, sir.

6    THE COURT:  Any issues of competency from the

7    government?

8    MR. WATKINS:  No, sir, your Honor.

9    MR. CAUTHEN:  No, sir.

10   THE COURT:  With respect to each defendant, I find

11   that each defendant appears to be competent to plead guilty to

12   the charge or charges and I so find for purposes of the

13   record.

14   As I indicated earlier, by pleading guilty you are

15   giving up certain important rights and possible legal defenses

16   you may have under the law.  Do you understand that under the

17   constitution and laws of the United States you have a right to

18   plead not guilty and if you plead not guilty you are entitled

19   to a public and speedy trial by a jury on the charges

20   contained in the indictment?

21   DEFENDANT:  Yes, sir.

22   DEFENDANT:  Yes, sir.

23   DEFENDANT:  Yes, sir.

24   DEFENDANT:  Yes, sir.

25   DEFENDANT:  Yes, sir.

1          DEFENDANT:  Yes, sir.

2          DEFENDANT:  Yes, sir.

3          DEFENDANT:  Yes, sir.

4          THE COURT:  It matters not to me whether you plead

5    guilty or not.  If you decided to plead not guilty and request

6    a trial by jury you would also be entitled to a number of

7    procedural rights as a defendant in a criminal case.  I want

8    to list these rights for you so that you will have a clear

9    understanding of what you will give up if you plead guilty.

10         If a trial was held you would have the right to the

11   assistance of counsel for your defense at every stage of your

12   case, including the trial.  If you could not afford an

13   attorney one would be appointed for you without cost to you.

14   There is no burden of proof upon you whatsoever.  You are

15   presumed innocent of the charge or charges unless the

16   government proves you guilty of each and every element of each

17   offense beyond a reasonable doubt.  You would be presumed

18   innocent and the government would be required to prove you

19   guilty by competent evidence and beyond a reasonable doubt

20   before you could be found guilty and you would not have to

21   prove that you were innocent.

22         If a trial was held, the witnesses for the government

23   would have to come to court and testify in your presence.

24   They would do so from the witness box to my right.  Your

25   attorney could cross-examine the government's witnesses and

1  ask them questions.  Your attorney could also object to

2  evidence offered by the government, and although there is no

3  burden of proof upon you your attorney could offer evidence on

4  your behalf.

5      While there is no burden of proof upon you, if a

6  trial was held you would also have the right to testify if you

7  chose to do so.  However, you also would have the right not to

8  testify and if you decided not to testify I would inform and

9  instruct the jury that no inference or suggestion of guilt

10  could be drawn from the fact that you did not testify.

11      In addition, if a trial was held you would have the

12  right to the issuance of subpoenas to compel the attendance of

13  witnesses to testify in your defense and to compel the

14  production of other evidence.  In other words, although there

15  is no burden of proof upon you, if a trial was held and you

16  had witnesses that you wanted to come to court and testify,

17  the court would assist you and your attorney in having those

18  witnesses brought to court, if necessary.

19      And if a trial was held, in order for you to be found

20  guilty the jury would have to reach a unanimous verdict by all

21  12 of the jury members.  Do you understand these important

22  rights that I have outlined for you?

23      DEFENDANT:  Yes, sir.

24      DEFENDANT:  Yes, sir.

25      DEFENDANT:  Yes, sir.

1          DEFENDANT:  Yes, sir.

2          DEFENDANT:  Yes, sir.

3          DEFENDANT:  Yes, sir.

4          DEFENDANT:  Yes, sir.

5          DEFENDANT:  Yes, sir.

6          THE COURT:  If you plead guilty and I accept your

7   plea you will give up your right to a jury trial and the other

8   rights I have just listed for you, there will be no trial and

9   I will enter a judgment of guilt and sentence you on the basis

10  of your guilty plea.  Do you understand?

11         DEFENDANT:  Yes, sir.

12         DEFENDANT:  Yes, sir.

13         DEFENDANT:  Yes, sir.

14         DEFENDANT:  Yes, sir.

15         DEFENDANT:  Yes, sir.

16         DEFENDANT:  Yes, sir.

17         DEFENDANT:  Yes, sir.

18         DEFENDANT:  Yes, sir.

19         THE COURT:  If you plead guilty you will also have to

20  give up your right not to incriminate yourself since I will

21  ask you questions about what you did in order to satisfy

22  myself that you are guilty as charged and you will have to

23  acknowledge and admit to your guilt.  Do you understand?

24         DEFENDANT:  Yes, sir.

25         DEFENDANT:  Yes, sir.

1      DEFENDANT:  Yes, sir.

2      DEFENDANT:  Yes, sir.

3      DEFENDANT:  Yes, sir.

4      DEFENDANT:  Yes, sir.

5      DEFENDANT:  Yes, sir.

6      DEFENDANT:  Yes, sir.

7      THE COURT:  If you plead guilty and I accept your

8  plea you may be required to make restitution to the victim or

9  victims of your acts either by payment of money or in personal

10  services as may be directed by this court.  If restitution is

11  ordered, failure to comply may be the basis for revoking any

12  period of supervised release that may be imposed as a part of

13  your sentence.  Do you understand?

14      DEFENDANT:  Yes, sir.

15      DEFENDANT:  Yes, sir.

16      DEFENDANT:  Yes, sir.

17      DEFENDANT:  Yes, sir.

18      DEFENDANT:  Yes, sir.

19      DEFENDANT:  Yes, sir.

20      DEFENDANT:  Yes, sir.

21      DEFENDANT:  Yes, sir.

22      THE COURT:  The offense or offenses to which you are

23  pleading guilty are felony offenses.  If your plea is accepted

24  you may be deprived of valuable civil rights, such as the

25  right to vote, hold public office, serve on a jury and possess

1    any kind of firearm.  It may also affect your ability to

2    receive certain government benefits.  Do you understand?

3               DEFENDANT:  Yes, sir.

4               DEFENDANT:  Yes, sir.

5               DEFENDANT:  Yes, sir.

6               MR. STEPP:  Mr. Fuller has a plea agreement to plead

7    to a misdemeanor, Judge.

8               THE COURT:  Thank you.

9               DEFENDANT:  Yes, sir.

10             DEFENDANT:  Yes, sir.

11             DEFENDANT:  Yes, sir.

12             DEFENDANT:  Yes, sir.

13             THE COURT:  Are you a citizen of the United States?

14             DEFENDANT:  Yes, sir.

15             DEFENDANT:  Yes, sir.

16             DEFENDANT:  Yes, sir.

17             DEFENDANT:  Yes, sir.

18             DEFENDANT:  Yes, sir.

19             DEFENDANT:  Yes, sir.

20             DEFENDANT:  No, sir.

21             THE COURT:  And you are a citizen of what country?

22             DEFENDANT:  Mexico.

23             THE COURT:  Do you understand that by pleading guilty

24    today you may be removed or deported from this country, denied

25    citizenship, denied admission to the United States and be

1    subject to other immigration consequences?

2            DEFENDANT:  Yes, sir.

3            THE COURT:  And, again, Mr. Lewis, the question to

4    you would be are you a citizen of the United States.

5            DEFENDANT:  Yes, sir.

6            THE COURT:  Thank you.  If you plead guilty and I

7    accept your plea I can also order you to forfeit certain

8    property to the government.  Do you understand?

9            DEFENDANT:  Yes, sir.

10           DEFENDANT:  Yes, sir.

11           DEFENDANT:  Yes, sir.

12           DEFENDANT:  Yes, sir.

13           DEFENDANT:  Yes, sir.

14           DEFENDANT:  Yes, sir.

15           DEFENDANT:  Yes, sir.

16           DEFENDANT:  Yes, sir.

17           THE COURT:  If you plead guilty, the court is

18   obligated to impose a mandatory special assessment fee for

19   each count of the indictment that you admit to that is payable

20   immediately upon sentencing, do you understand?

21           DEFENDANT:  Yes, sir.

22           DEFENDANT:  Yes, sir.

23           DEFENDANT:  Yes, sir.

24           DEFENDANT:  Yes, sir.

25           DEFENDANT:  Yes, sir.

1        DEFENDANT:  Yes, sir.

2        DEFENDANT:  Yes, sir.

3        DEFENDANT:  Yes, sir.

4        THE COURT:  If you plead guilty today and at some

5   point in the future you plead guilty or no contest to or you

6   are convicted of a criminal offense in a state or federal

7   court this plea may be used to give you an enhanced or greater

8   sentence in that case.  Do you understand?

9        DEFENDANT:  Yes, sir.

10        DEFENDANT:  Yes, sir.

11        DEFENDANT:  Yes, sir.

12        DEFENDANT:  Yes, sir.

13        DEFENDANT:  Yes, sir.

14        DEFENDANT:  Yes, sir.

15        DEFENDANT:  Yes, sir.

16        DEFENDANT:  Yes, sir.

17        THE COURT:  All right.  At this time I want us to go

18   over the respective charges with each defendant as well as the

19   essential elements the government would have to prove if the

20   case went to trial, as well as the maximum possible penalty

21   that each defendant faces.  So, Mr. Watkins, I believe you

22   indicated that Mr. Alley, Miss Davis-Goss, Mr. Reid and Mr.

23   Fuller are all indicted under the same indictment, is that

24   right?

25        MR. WATKINS:  Your Honor, the first three are under

1  the same indictment.  Mr. Fuller is under a different

2  indictment but when we get to his plea agreement his plea

3  agreement is virtually a mirror image as the other three and I

4  think can be done at one time without any confusion, your

5  Honor.

6      If it pleases the court, at this time I will

7  summarize the indictment as to the first three defendants and

8  I will go to Mr. Fuller when you instruct.

9      THE COURT:  Thank you.  Let me ask each defendant

10  first, have you received a copy of the indictment, that is,

11  the charging document that sets forth the charge against you

12  in your case?

13      DEFENDANT:  Yes, sir.

14      DEFENDANT:  Yes, sir.

15      THE COURT:  Have you received a copy?

16      DEFENDANT:  Yes, sir.

17      DEFENDANT:  Yes, sir.

18      DEFENDANT:  Yes, sir.

19      DEFENDANT:  Yes, sir.

20      DEFENDANT:  Yes, sir.

21      DEFENDANT:  Yes, sir.

22      THE COURT:  And have you had a sufficient opportunity

23  to go over the indictment with your lawyer, as well as your

24  case in general?

25      DEFENDANT:  Yes, sir.

1          DEFENDANT:  Yes, sir.

2          DEFENDANT:  Yes, sir.

3          DEFENDANT:  Yes, sir.

4          DEFENDANT:  Yes, sir.

5          DEFENDANT:  Yes, sir.

6          DEFENDANT:  Yes, sir.

7          DEFENDANT:  Yes, sir.

8          THE COURT:  And has your lawyer explained the charge

9     to you?  Has your lawyer explained the charge to you?

10         DEFENDANT:  Yes, sir.

11         DEFENDANT:  Yes, sir.

12         DEFENDANT:  Yes, sir.

13         DEFENDANT:  Yes, sir.

14         DEFENDANT:  Yes, sir.

15         DEFENDANT:  Yes, sir.

16         DEFENDANT:  Yes, sir.

17         DEFENDANT:  Yes, sir.

18         THE COURT:  Thank you.  All right.  Mr. Watkins, I'll

19    be glad to hear from you.

20

21                      *  *  *  *  *  *  *

22

23         MR. CAUTHEN:  As to Mr. William Tint, your Honor, his

24    indictment alleges that on or about April 13, 2015 in the

25    District of South Carolina, in a matter within the

1   jurisdiction of the executive branch of the government of the

2   United States, the defendant did knowingly and willfully make

3   a false, fraudulent and fictitious material statement and

4   representation; to wit, he told special agents of the Federal

5   Bureau of Investigation that he was not aware of a plan to

6   commit a violent act against any person or property involving

7   himself and/or an individual whose initials are RD when in

8   fact, as he then and there knew, he was aware of such a plan

9   involving a location in New York State, in violation of Title

10  18 United States Code Section 1001(a)(2).

11          The elements of that offense are, first, the

12  defendant knowingly and willfully made a materially false,

13  fictitious or fraudulent statement or representation, and,

14  two, the statement regarding the matter is within the

15  jurisdiction of the executive, legislative or judicial branch

16  of the government of the United States.

17          The maximum possible penalty for that offense is

18  imprisonment for not more than five years and/or a fine of

19  $250,000, supervised release is three years and a special

20  assessment of $100.

21

22                          * * * * * * ** * *

23

24          THE COURT:  Now that you have heard the charges

25  against you summarized today, as well as the essential

1   elements the government would have to prove beyond a

2   reasonable doubt if your case went to trial, as well as the

3   maximum possible penalties you face, do you still want to --

4   do you understand the charges, do you understand the elements

5   the government would have to prove and do you understand the

6   maximum possible penalty that you face?

7           DEFENDANT:  Yes, sir.

8           DEFENDANT:  Yes, sir.

9           DEFENDANT:  Yes, sir.

10          DEFENDANT:  Yes, sir.

11          DEFENDANT:  Yes, sir.

12          DEFENDANT:  Yes, sir.

13          DEFENDANT:  Yes, sir.

14          DEFENDANT:  Yes, sir.

15          THE COURT:  And did you listen carefully as the

16   attorneys for the government presented this information?

17          DEFENDANT:  Yes, sir.

18          DEFENDANT:  Yes, sir.

19          DEFENDANT:  Yes, sir.

20          DEFENDANT:  Yes, sir.

21          DEFENDANT:  Yes, sir.

22          DEFENDANT:  Yes, sir.

23          DEFENDANT:  Yes, sir.

24          DEFENDANT:  Yes, sir.

25          THE COURT:  Do you still want to plead guilty?

DEFENDANT: Yes, sir.
DEFENDANT: Yes, sir.
DEFENDANT: Yes, sir.
DEFENDANT: Yes, sir.
DEFENDANT: Yes, sir.
DEFENDANT: Yes, sir.
DEFENDANT: Yes, sir.
DEFENDANT: Yes, sir.
THE COURT: Do you need any additional time to talk with your lawyer?
DEFENDANT: No, sir.
DEFENDANT: No, sir.
DEFENDANT: No, sir.
DEFENDANT: No, sir.
DEFENDANT: No, sir.
DEFENDANT: No, sir.
DEFENDANT: No, sir.
DEFENDANT: No, sir.
THE COURT: Do any of the attorneys have any questions they want to ask their clients before we proceed?
MS. METCALFE: No, your Honor.
MR. HISKER: No, your Honor.
MR. EHLIES: None.
MR. STEPP: No, sir.
MS. BLANCHARD: No your Honor.

1           MR. PLOWDEN:  No, sir, as to both.

2           MR. MacKINNON:  No, sir.

3           THE COURT:  All right.  With respect to each

4 defendant, I find that each defendant fully comprehends and

5 understands the nature of the charge or charges against him or

6 her and generally what elements the government would have to

7 prove beyond a reasonable doubt if a trial is held, and that

8 each defendant understands the maximum possible penalty faced.

9

10                       * * * * * * * *

11

12           THE COURT:  All right.  If you plead guilty or if you

13 are convicted by a jury then I will have to determine the

14 appropriate sentence to be imposed.  In determining the

15 appropriate sentence I am required to consider the statutory

16 sentencing factors set out in Section 3553(a) of Title 18 of

17 the United States Code and also the advisory sentencing

18 guidelines issued by the United States Sentencing Guidelines

19 Commission.  The guidelines are used as a starting point in

20 determining a sentence.  The court is obligated to calculate

21 the applicable guideline range and to consider that range,

22 possible departures under the sentencing guidelines, and other

23 factors under Title 18 United States Code Section 3553(a).

24 The court will also consider the purposes of sentencing, which

25 include punishment, deterrence, incapacitation and

1 | rehabilitation in making its determination.  Do you
2 | understand?
3 | DEFENDANT:  Yes, sir.
4 | DEFENDANT:  Yes, sir.
5 | DEFENDANT:  Yes, sir.
6 | DEFENDANT:  Yes, sir.
7 | DEFENDANT:  Yes, sir.
8 | DEFENDANT:  Yes, sir.
9 | DEFENDANT:  Yes, sir.
10 | DEFENDANT:  Yes, sir.
11 | THE COURT:  Have you and your attorney talked about
12 | how the statutory factors and the advisory guidelines may
13 | affect your sentence?
14 | DEFENDANT:  We have, your Honor.
15 | DEFENDANT:  Yes, sir.
16 | DEFENDANT:  Yes, sir.
17 | DEFENDANT:  Yes, sir.
18 | DEFENDANT:  Yes, sir.
19 | DEFENDANT:  Yes, sir.
20 | DEFENDANT:  Yes, sir.
21 | DEFENDANT:  Yes, sir.
22 | THE COURT:  Do you understand that the court will not
23 | be able to determine the guideline range for your case until
24 | after the presentence report has been completed and you and
25 | the government have had an opportunity to challenge the

1  reported facts and the application of the guidelines

2  recommended by the probation officer who prepares the report?

3  Do you understand?

4          DEFENDANT:  Yes, sir.

5          DEFENDANT:  Yes, sir.

6          DEFENDANT:  Yes, sir.

7          DEFENDANT:  Yes, sir.

8          DEFENDANT:  Yes, sir.

9          DEFENDANT:  Yes, sir.

10          DEFENDANT:  Yes, sir.

11          DEFENDANT:  Yes, sir.

12          THE COURT:  Do you understand that the guidelines are

13  advisory and that after it has been determined what guidelines

14  apply to your case the judge has the authority to impose a

15  sentence more severe or less severe than the sentence called

16  for by the guidelines?  Do you understand?

17          DEFENDANT:  Yes, sir.

18          DEFENDANT:  Yes, sir.

19          DEFENDANT:  Yes, sir.

20          DEFENDANT:  Yes, sir.

21          DEFENDANT:  Yes, sir.

22          DEFENDANT:  Yes, sir.

23          DEFENDANT:  Yes, sir.

24          DEFENDANT:  Yes, sir.

25          THE COURT:  In calculating the range of sentence

1 under the advisory sentencing guidelines the judge will take

2 into account all conduct, circumstances, and injuries

3 associated with your criminal conduct, whether or not this

4 conduct is formally charged by the government.  The judge will

5 consider all relevant conduct at the time of sentencing even

6 though you are pleading guilty to fewer than all counts in the

7 indictment or information.  Do you understand that?

8    DEFENDANT:  Yes, sir.

9    DEFENDANT:  Yes, sir.

10    DEFENDANT:  Yes, sir.

11    DEFENDANT:  Yes, sir.

12    DEFENDANT:  Yes, sir.

13    DEFENDANT:  Yes, sir.

14    DEFENDANT:  Yes, sir.

15    DEFENDANT:  Yes, sir.

16    THE COURT:  Also, there is no limitation placed on

17 the information the judge can consider at the time of

18 sentencing concerning your background, character and conduct

19 so long as the information is reliable.  The judge will take

20 all of these factors into consideration in determining an

21 appropriate sentence.  Do you understand?

22    DEFENDANT:  Yes, sir.

23    DEFENDANT:  Yes, sir.

24    DEFENDANT:  Yes, sir.

25    DEFENDANT:  Yes, sir.

1          DEFENDANT:  Yes, sir.

2          DEFENDANT:  Yes, sir.

3          DEFENDANT:  Yes, sir.

4          DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that any sentence that

6    may be imposed may be different from and possibly greater than

7    any estimate your attorney may have given you?

8          DEFENDANT:  Yes, sir.

9          DEFENDANT:  Yes, sir.

10         DEFENDANT:  Yes, sir.

11         DEFENDANT:  Yes, sir.

12         DEFENDANT:  Yes, sir.

13         DEFENDANT:  Yes, sir.

14         DEFENDANT:  Yes, sir.

15         DEFENDANT:  Yes, sir.

16         THE COURT:  All right.  I understand several of these

17   folks have plea agreements, so, Mr. Watkins, I believe you

18   said that the plea agreements for Mr. Alley, Miss Davis-Goss,

19   Mr. Reid and Mr. Fuller were very close?

20         MR. WATKINS:  Yes, sir.  I believe with your

21   permission I can summarize them all at once without any

22   confusion.

23         THE COURT:  Thank you.  Please listen carefully,

24   folks.

25

1                         * * * * * * * *

2

3           THE COURT:  Again, this question is to everyone.  Do

4    you realize that if you plead guilty and I accept your plea

5    the law requires that upon your release from incarceration you

6    will be subject to a term of supervised release?  Do you

7    understand that?

8           DEFENDANT:  Yes, sir.

9           DEFENDANT:  Yes, sir.

10          DEFENDANT:  Yes, sir.

11          DEFENDANT:  Yes, sir.

12          DEFENDANT:  Yes, sir.

13          DEFENDANT:  Yes, sir.

14          DEFENDANT:  Yes, sir.

15          DEFENDANT:  Yes, sir.

16          THE COURT:  If you are placed on supervised release

17   you will be under a court order that prescribes rules for your

18   behavior while on supervised release and if you violate any

19   term or condition of supervised release you can be given

20   additional time in prison.  Do you understand?

21          DEFENDANT:  Yes, sir.

22          DEFENDANT:  Yes, sir.

23          DEFENDANT:  Yes, sir.

24          DEFENDANT:  Yes, sir.

25          DEFENDANT:  Yes, sir.

1    DEFENDANT:  Yes, sir.

2    DEFENDANT:  Yes, sir.

3    DEFENDANT:  Yes, sir.

4    THE COURT:  Do you understand that parole has been

5 abolished in the federal system and if you are sentenced to

6 prison you will not be released early on parole?

7    DEFENDANT:  Yes, sir.

8    DEFENDANT:  Yes, sir.

9    DEFENDANT:  Yes, sir.

10    DEFENDANT:  Yes, sir.

11    DEFENDANT:  Yes, sir.

12    DEFENDANT:  Yes, sir.

13    DEFENDANT:  Yes, sir.

14    DEFENDANT:  Yes, sir.

15    THE COURT:  Has anyone forced you or threatened or

16 pressured you in any way to get you to plead guilty?

17    DEFENDANT:  No, sir.

18    DEFENDANT:  No, sir.

19    DEFENDANT:  No, sir.

20    DEFENDANT:  No, sir.

21    DEFENDANT:  No, sir.

22    DEFENDANT:  No, sir.

23    DEFENDANT:  No, sir.

24    DEFENDANT:  No, sir.

25    THE COURT:  Are you pleading guilty of your own free

```
1    will because you are guilty?

2              DEFENDANT:  Yes, sir.

3              DEFENDANT:  Yes, sir.

4              DEFENDANT:  Yes, sir.

5              DEFENDANT:  Yes, sir.

6              DEFENDANT:  Yes, sir.

7              DEFENDANT:  Yes, sir.

8              DEFENDANT:  Yes, sir.

9              DEFENDANT:  Yes, sir.

10             THE COURT:  Now, I understand that several of you

11   have plea agreements or had plea agreements and in those

12   agreements you agreed to certain things and government has

13   agreed to certain things, so this question will not apply to

14   that.  But has anyone made any promise to you other than what

15   might be in your plea agreement, if you have one, that caused

16   you to plead guilty?

17             DEFENDANT:  No, sir.

18             DEFENDANT:  No, sir.

19             DEFENDANT:  No, sir.

20             DEFENDANT:  No, sir.

21             DEFENDANT:  No, sir.

22             DEFENDANT:  No, sir.

23             DEFENDANT:  No, sir.

24             DEFENDANT:  No, sir.

25             THE COURT:  Has anyone made any prediction, prophesy
```

1    or promise to you as to what your sentence will be?

2              DEFENDANT:  No, sir.

3              DEFENDANT:  No, sir.

4              DEFENDANT:  No, sir.

5              DEFENDANT:  No, sir.

6              DEFENDANT:  No, sir.

7              DEFENDANT:  No, sir.

8              DEFENDANT:  No, sir.

9              DEFENDANT:  No, sir.

10             THE COURT:  All right.  I will be glad to hear from

11   the government at this time for additional information

12   concerning the facts the government would be prepared to prove

13   at trial in order to establish an independent factual basis

14   for each offense.

15

16                          *  *  *  *  *  *  *  *

17

18             MR. CAUTHEN:  Your Honor, as to Mr. Tint, this case

19   is an offshoot, if you will, of another individual that was

20   being investigated in Tennessee by the FBI.  They had a Title

21   III up on Robert Doggart, who is listed as RD in the

22   indictment on his telephone line.  In March a series of

23   telephone calls between Mr. Tint and Mr. Doggart were

24   intercepted at various times.  Throughout numerous telephone

25   calls Mr. Tint and Mr. Doggart discussed plans to go to a

1  location in Upstate New York inhabited by a large Muslim

2  population.  As a part of the conversation Mr. Doggart was

3  talking about doing reconnaissance, finding out something

4  about the inhabitants, the police force up there.  Mr. Tint

5  also agreed with that.  At other times Mr. Doggart was talking

6  about going up there and planning to commit acts of violence,

7  to include firebombing and shooting, if necessary, individuals

8  located in that Muslim community in Upstate New York.

9  After a series of conversations the FBI then on

10  April 13 went to interview Mr. Tint at his residence.

11  Mr. Tint, of course, was not aware that his telephone calls

12  with Mr. Doggart throughout that time had been intercepted.

13  They asked him about the plans that Mr. Doggart had, what they

14  had talked about, and Mr. Tint did not indicate that he was

15  aware that Mr. Doggart may have had plans to commit acts of

16  violence in New York or anywhere.

17  They went through Title 18 1001 with him.  Mr. Tint

18  continued to deny any knowledge of a discussion or plan to

19  commit a violent act against any person or property involving

20  him and/or Mr. Doggart.

21

22  * * * * * * * *

23

24  THE COURT:  Thank you.  All right.  Let me again ask

25  all of the defendants, you were all present in the courtroom

```
1  when the attorneys for the government summarized the facts of

2  the case and summarized what you did.  Did you listen

3  carefully?

4           DEFENDANT:  Yes, sir.

5           DEFENDANT:  Yes, sir.

6           DEFENDANT:  Yes, sir.

7           DEFENDANT:  Yes, sir.

8           DEFENDANT:  Yes, sir.

9           DEFENDANT:  Yes, sir.

10          DEFENDANT:  Yes, sir.

11          DEFENDANT:  Yes, sir.

12          THE COURT:  Do you agree with the prosecutors'

13  summary of what you did?

14          DEFENDANT:  Yes, sir.

15          DEFENDANT:  Yes, sir.

16          DEFENDANT:  Yes, sir.

17          DEFENDANT:  Yes, sir.

18          DEFENDANT:  Yes, sir.

19          DEFENDANT:  Yes, sir.

20          DEFENDANT:  Yes, sir.

21          DEFENDANT:  Yes, sir.

22          THE COURT:  Do you disagree with anything the

23  prosecutor said about what you did?

24          DEFENDANT:  No, sir.

25          DEFENDANT:  No, sir.
```

1          DEFENDANT:  No, sir.

2          DEFENDANT:  No, sir.

3          DEFENDANT:  No, sir.

4          DEFENDANT:  No, sir.

5          DEFENDANT:  No, sir.

6          DEFENDANT:  No, sir.

7          THE COURT:  All right.  Anything else from the

8    attorneys at this time?

9          MS. METCALFE:  No, your Honor.

10          MR. HISKER:  No your Honor.

11          MR. EHLIES:  Nothing.

12          MR. STEPP:  No, sir.

13          MS. BLANCHARD:  No your Honor.

14          MR. PLOWDEN:  No, sir, as to either client.

15          MR. MacKINNON:  No, sir, your Honor.

16          THE COURT:  All right.  Now, to the defendants, you

17    have the right to tell me anything that you want to tell me

18    about your case.  And once this hearing is concluded the

19    United States Probation Office will begin what is called a

20    presentence investigation.  And a presentence investigation

21    report will be prepared.  And that report will be provided to

22    your attorney and you will have an opportunity to review it,

23    your attorney will have an opportunity to review it and file

24    any objections to the report before I see it.

25          And then you would come back to court for a

1    sentencing hearing.  And at that time you will be allowed to

2    tell me anything that you want to tell me about your case.

3    But I always give each person an opportunity to say anything

4    that they might want to say today.  I generally do not require

5    a defendant or will not require a defendant to say anything

6    else at the plea hearing unless I feel it's necessary and

7    appropriate, and I'm not going to require any of you to say

8    anything else today.  But if you want to say something today I

9    want to give you that opportunity and I will be happy to hear

10   from you at this time if there's anything else you want to

11   say.  That is a decision that you should make in consultation

12   with your attorney.

13           So is there anything else you want to say today?

14           DEFENDANT:  Not at this time, your Honor.

15           DEFENDANT:  No, sir.

16           DEFENDANT:  No, sir.

17           DEFENDANT:  No, sir.

18           DEFENDANT:  No, sir.

19           DEFENDANT:  No, sir.

20           DEFENDANT:  No, sir.

21           DEFENDANT:  No, sir.

22           THE COURT:  All right.  Anything else from the

23   government at this time?

24           MR. WATKINS:  No, sir, your Honor.

25           MR. CAUTHEN:  No, Judge.

1        THE COURT:  If there's nothing further, based upon

2   the information presented with respect to each defendant I

3   find that with respect to each defendant there is a factual

4   basis for the guilty plea.  I further find that each

5   defendant's plea of guilty is made freely, voluntarily and

6   knowingly with the advice and assistance of counsel, supported

7   by an independent basis in fact containing each of the

8   essential elements of the offense.  Each defendant's plea of

9   guilty is therefore accepted and each defendant is hereby

10  adjudged guilty of the offense charged.

11       And so I'll ask the U.S. Probation Office to proceed

12  with preparation of a presentence report as to each case,

13  whereupon we will come back for a sentencing hearing in the

14  near future.

15       Thank you very much and good luck to you.

16       Now with respect to the folks who are on, as far as

17  we know, Mr. Wood, there has been no difficulty that anybody

18  has reported to you?

19       PROBATION OFFICER:  No, sir.

20       THE COURT:  Thank you.  All right.  Good luck to you.

21       (Recess, 3:12 p.m.)

22

23       I certify that the foregoing is a correct transcript

24  from the record of proceedings in the above-entitled matter.

25

Date:  11-21-16                    s/  Daniel E. Mayo